19169

Gary C. KIDD, Respondent, v. NATIONWIDE MUTUAL INSUR-ANCE COMPANY, Appellant.

(179 S. E. (2d) 201)

*Earle McGee Rice, Esq.*, of Anderson, *for Appellant,*

*Robert L. Waldrop, Jr., Esq.*, of Anderson, *for Respondent,*

February 10, 1971.

BRAILSFORD, Justice.

Plaintiff, a young adult residing with his mother, brought this action against her automobile insurance carrier to recover under the comprehensive clause of her policy the value of an eight track stereo system and forty-five tapes, which belonged to him and were stolen from her 1960 Comet automobile. Upon trial of the case, the circuit judge, conceiving that there were no factual issues, withdrew the case from

the jury and awarded judgment in favor of plaintiff for the full amount claimed. It is conceded that plaintiff is an insured under the policy, and the sole issue on appeal is whether the stolen property, or any of it, was equipment of the automobile within the meaning of the policy provision which insured against loss or damage to the "automobile and its equipment."

The stereo player was designed for installation and use in an automobile and could not be used elsewhere without a special adapter. The system was purchased by plaintiff some two months before the theft and installed by him in a 1959 Pontiac automobile which he owned. Shortly thereafter, the uninsured Pontiac was wrecked. It was a total loss to plaintiff except for the stereo system, which he removed therefrom and placed in the Comet for use in it. This was his mother's second car and, inferentially, the only automobile available to plaintiff after the loss of the Pontiac. The player was designed to be bolted under the dashboard, and it was thus installed by plaintiff in the Pontiac. However, because of a broken arm, plaintiff was unable to accomplish this when the player was transferred to the Comet. Instead, the various units of the system were placed on the seat and floor, and the system was connected with the Comet's electrical system by two wires so as to make it operable. From the time it was thus installed until the theft, the system remained in the Comet, and the only use of it was incidental to the use of the automobile. Plaintiff testified that he intended to bolt the player under the dashboard of the car as soon as he could.

The defendant concedes that plaintiff is an insured for the purposes of the comprehensive clause of the policy and may recover for the theft of the stereo system if it was part of the covered automobile's equipment at the time of the loss. We have no difficulty in concluding that it was. It is well known that for a number of years cars have been on the market with tape stereo systems as optional equipment, and that such systems may be purchased separately for installation in an automobile not so equipped by the factory. In either event, the system is or becomes part of the auto-

mobile's equipment. It is immaterial that the stolen player had not been secured to the automobile by bolts. The system had been placed therein with the intention of devoting it to use as an automobile stereo, had been connected to the electrical system for that purpose, and had been used exclusively as such for a considerable period of time before the theft. We have found no helpful authority. However, we must conclude, especially in view of the rule requiring that doubts as to construction be resolved in favor of the insured, that the stereo system was equipment of the 1960 Comet.

The stereo tapes are in a different category. They were readily transportable and could be played on any eight track stereo player, in an automobile, a home or elsewhere. The plaintiff testified that he had bought some fifty of these tapes, whether before or after the purchase of the stereo system is uncertain. The loss occurred in Asheville, North Carolina and, in reporting the loss to the police, plaintiff was unable to state how many tapes had been stolen before ascertaining how many of the fifty had been left at home. Inferentially, the tapes were not kept in the automobile but were carried back and forth with no fixed number placed in the automobile when use of the system was contemplated. Plaintiff owned no other stereo player, but there is no evidence that the tapes were used exclusively in the automobile or even that they had been purchased for that purpose. They were as usable at a club, a friend's home or wherever a stereo player might be available as they were in the Comet automobile. The tapes were of the contents of the automobile at the time of the theft, but their connection with it was too tenuous to support the court's conclusion that they were of its equipment within the meaning of the policy.

Accordingly, the judgment appealed from is reduced by the sum of $312.75, which was included in the award as the value of the stereo tapes. Judgment for plaintiff for the balance of $204.88 is affirmed.

Modified.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.