597 P.2d 16

B. R. JUSTICE, Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a corporation, Yellowstone Insurance Adjusters, Inc., an Idaho Corporation, and Jake Jansson d/b/a Jansson Auto Salvage, an Individual, Defendants-Respondents.

No. 13087.

Supreme Court of Idaho.

June 28, 1979.

R. Michael Redman, Twin Falls, for plaintiff-appellant.

William J. Langley, Twin Falls, for defendants-respondents.

HARGRAVES, Judge Pro Tem.

Appellant was the owner of a 1971 Ford pickup which was insured by respondent insurance company. The insurance policy in question was purchased for a period October 4, 1975, to October 4, 1976, and was a renewal of a policy covering the period October 4, 1974, to October 4, 1975. In August, 1975, appellant purchased a "camper" for use on the pickup.

Appellant did not contact the insurance company specifically to discuss the camper, but sometime in the fall of 1975 appellant telephoned the Washington, D. C., office of the insurance company concerning double billings he had been receiving—one from Washington and one from a regional office in California. During the telephone call appellant asked the person in the Washington office "what the overpayment was, and this one didn't know." Appellant "mentioned the fact that I had a camper and I didn't think this was for the over-payment" and "she said, 'we'll take care of the camper later.'" Appellant also stated, "so

then I stopped getting the slips from the people after I talked to about six people up there." He did not know the identity of the person or persons he spoke with.

The camper unit, which consisted of sleeping, kitchen and toilet facilities, was bolted to the pickup by way of chains and tighteners, and was purchased for and used exclusively with the 1971 Ford pickup. On the evening of May 25, 1976, the pickup with attached camper unit was involved in a one-car accident causing it to be substantially damaged. Respondent paid for the damage to the pickup. Upon its refusal to pay for damages to the camper, appellant filed suit seeking damages and attorney fees.

The insurance policy involved in this case is a lengthy, closely printed document, replete with definitions, exclusions and limitations. On respondent's motion for summary judgment the trial court found that "loss" as defined under PART III—PHYSICAL DAMAGE, meaning loss of or damage to *the automobile, including its equipment* did not include the camper unit as constituting "equipment" and that without the payment of an additional premium to specifically insure the camper, damage to the camper was not covered by the policy of automobile insurance issued by respondent on appellant's pickup truck. The trial court also determined "there is no just reason to delay the entry of a final judgment on this one issue" and directed entry of final judgment on that (one) issue. We reverse.

■ We take notice of the fact that camper units are very common, especially in the western and southwestern parts of the country. Campers are available in a wide range of sizes, designs and cost. They range from modest "shells" to units which include many of the amenities of a home. The units are of little or no value unless attached to a pickup.

■ Rather than attempt to make any strained comparisons between a camper and other accessory items of an automobile as counsel suggests in argument and brief, we believe the better rule to be, and so hold today, that "equipment" as used in the phrase "automobile, and its equipment" means any item, article, piece, part, accessory or addition installed or attached in, on, or to an automobile whether such installation or attachment be made at the time of the manufacture of such automobile or by the owner at a subsequent time. Such items are insured against loss or damage under this policy unless such item, article, piece, part, accessory or addition has been specifically excluded by other express terms of the insurance contract. None appears herein.

■ Respondent contends that the court cannot by construction create a liability which the insurer has not assumed, and that insurance contracts must be construed, in the absence of ambiguity, in their plain, ordinary and proper sense, according to the meaning as determined from the plain wording thereof. We agree that these contentions state generally acceptable rules of law. However, we do not consider such contentions are applicable in this case. The policy covered "the automobile, including its equipment." It was error for the trial court to rule as a matter of law that the plain or ordinary meaning of the word "equipment" does not include a camper attached to a pickup. If respondent intended to avoid liability for anything other than the automobile, it should not have used the comprehensive term "equipment," or it should have expressly excluded the camper from coverage.

The cause is reversed and remanded to the trial court for further proceedings not inconsistent with this Opinion.

Costs to Appellant. No attorney fees are allowed.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and MAYNARD, J. Pro Tem, concur.