**Harold L. HEATON, Plaintiff,**

v.

**CRUM AND FORSTER INSURANCE CO. and United States Fire Insurance Co., Defendants.**

Civ. A. No. 95–2018–EEO.

United States District Court, D. Kansas.

March 19, 1996.

John H. Fields, Carson & Fields, Kansas City, KS, for plaintiff Heaton.

David R. Buchanan, Brown & James, P.C., Kansas City, MO, for defendants Crum and Forster Insurance Co., United States Fire Insurance Co.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on defendant United States Fire Insurance Co.'s Motion for Partial Summary Judgment (Doc. # 35) on issues alleged in paragraphs 5, 11A, 11B, 11C, 11D, and 11E of plaintiff's Amended Complaint (Doc. # 15). For the reasons stated below, defendant's motion for partial summary judgment on those issues is granted.

### A. *Background*

Plaintiff, Harold L. Heaton, alleges breach of a business auto insurance policy issued to him by defendants, Crum and Forster Insurance Co. and United States Fire Insurance Co. Plaintiff alleges that defendants breached that policy by denying two types of claims. First, defendants denied plaintiff's claims for comprehensive coverage in connection with an alleged theft of plaintiff's horse trailer and his 1986 Ford truck. Second, defendants denied plaintiff's claims for bodily injuries to himself, to his son, Buddie L. Heaton, and to

his grandson, Casey Lee Heaton. Plaintiff alleges that these bodily injuries arose out of five separate automobile accidents.

The material uncontroverted facts established by the parties in accordance with District of Kansas Rule 56.1 are as follows. Exhibit 1 of defendant's Memorandum in Support of Motion for Partial Summary Judgment is a certified copy of insurance policy number 125–028589–5, issued by United States Fire Insurance Co., fully setting forth the terms and conditions of the policy. Plaintiff was under no legal obligation to provide for any type of support for his grandson, Casey Heaton, or his son, Buddy Heaton. The plaintiff has identified no medical experts and has no evidence that the alleged accidents caused "bodily injury" to an eligible injured person from the use of a covered motor vehicle. The horse trailer at issue is not a "specifically described auto" for which coverage would apply under the policy.

### B. *Discussion*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Hicks v. Watonga*, 942 F.2d 737, 743 (10th Cir. 1991). Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12. An issue of fact is

genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *Id.* at 252, 106 S.Ct. at 2512.

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics,* 912 F.2d at 1241.

■ "[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir. 1988). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D.Kan.Rule 56.1.

### 1. *Plaintiff's Claim for Theft Coverage on the Horse Trailer*

Plaintiff sets forth two arguments that the policy affords coverage and benefits for the alleged theft of the horse trailer: (1) that the horse trailer is a covered auto under the terms of the policy, and (2) that the horse trailer is "equipment," as that word is used in the policy.

■ When there is no ambiguity, an insurance policy must be enforced as written. *See Bramlett v. State Farm Mut. Auto. Ins. Co.,* 205 Kan. 128, 130, 468 P.2d 157 (1970). It is uncontroverted that the horse trailer is not specifically listed as a covered auto for the peril of theft, leaving no ambiguity as to its coverage.

■ The term "auto" is defined under Section I of the policy as "a land motor vehicle, trailer, or semitrailer designed for travel on public roads but does not include mobile equipment." Part II of the policy describes which "autos" are "covered autos." That section, in pertinent part, makes reference to the policy declarations:

A. ITEM TWO of the declarations shows the autos that are covered autos for each of your coverages. The numerical symbols explained in ITEM THREE of the declarations describe which autos are covered autos. The symbols entered next to a coverage designate the only autos that are covered autos.

Item Two of the policy declarations provides a schedule of coverages, in which the number 7 appears in the space next to "comprehensive coverage." Item Three provides that the number 7 indicates that a "covered" auto means only "specifically described" autos in Item Four. The list of specifically described autos in Item Four does not include the horse trailer. Under the unambiguous language of the policy, plaintiff's argument that the horse trailer is a covered auto is, therefore, without merit.

■ Plaintiff next argues that, if the horse trailer is not a covered auto, then it is covered "equipment." We do not agree. At issue is the policy provision that states: "We will pay for loss to a covered auto or its equipment...." This provision is open to interpretation, inasmuch as the policy does not define the term "equipment."

The pertinent rules for construction of ambiguous insurance policy provisions are summarized by the Kansas Court of Appeals in

*Dodson Aviation, Inc. v. Rollins, Burdick, Hunter of Kansas, Inc.,* 15 Kan.App.2d 314, 319, 807 P.2d 1319, 1323 (1991):

> A basic principle in the construction of contracts is that an ambiguity in the language of the contract will be strictly construed against the party who drafted the provision. This rule is particularly applicable to the interpretation of contracts of insurance and requires liberal construction in favor of the insured. Coverage clauses of automobile liability policies are to be broadly interpreted to afford the greatest possible protection to the insured while exclusionary clauses are interpreted narrowly.
>
> A contract is ambiguous if the application of pertinent rules of the interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning. Once an ambiguity is found, an insurance policy is to be construed in favor of the insured and against the insurance company. A contract may be found ambiguous when, after the application of the relevant rules of interpretation to the face of the insurance contract, the words intended to express the meaning and intent of the parties may be construed to reach more than one possible meaning. The test to determine the intention of the parties is what a reasonable person in the position of the insured would have understood the policy terms to mean.

*Id.* (citations and internal quotations omitted).

Neither the parties to this action nor the court's own research reveals any authority squarely on point with the facts of the instant case. However, a reasonable framework for analysis is suggested by the approach employed by the South Carolina Supreme Court in *Kidd v. Nationwide Mutual Insurance Co.,* 255 S.C. 413, 179 S.E.2d 201 (1971). In construing a policy provision covering theft of an "automobile and its equipment," the court in *Kidd* distinguished between stereo tapes that were located in the insured's automobile, and a stereo player that was connected to the automobile only by two electrical wires. *Id.* at 202. A critical distinction in the court's analysis was that the tapes were designed to be usable in any stereo player, while the stereo itself was designed for installation in an automobile, and was used exclusively in the covered auto. *Id.* Thus, the court ruled that the tapes were too tenuously connected to the automobile to become its equipment, but that the stereo player was covered equipment. *Id.* A similar analysis seems appropriate in the instant case and leads us to conclude that the plaintiff's horse trailer is too tenuously connected to any particular auto to become "its equipment" under the terms of the policy. Plaintiff testified that his horse trailer, which was separately tagged in Texas, was "hooked onto" his auto at the time of its theft. Such a trailer is not designed for use as the equipment of a particular auto. On the contrary, it can be hooked onto any appropriately equipped auto.

In *Justice v. Government Employees Insurance Co.,* 100 Idaho 293, 597 P.2d 16 (1979), the Idaho Supreme Court also considered the definition of equipment under a policy provision similar to the one at issue here. In remanding the case for further proceedings, the court held that it was error for the trial court to rule that the term "equipment," as a matter of law, excluded a camper that was purchased for and used exclusively with a pickup truck, and bolted to that truck with chains and fasteners. *Id.* at 17. The court defined equipment:

> " '[E]quipment' as used in the phrase 'automobile, and its equipment' means any item, article, piece, part, accessory or addition *installed or attached in, on, or to an automobile* whether such installation or attachment be made at the time of the manufacture of such automobile or by the owner at a subsequent time."

*Id.* (emphasis added). Under this definition, a reasonable person in the position of the plaintiff would have understood that the policy terms "auto or its equipment" do not encompass a horse trailer such as the plaintiff's. *See Dodson Aviation,* 807 P.2d at 1323. The connection between the horse trailer and the stolen auto was simply too tenuous for plaintiff to have reasonably believed that it was "installed or attached."

### 2. Plaintiff's Claims for Personal Injury Protection ("PIP") Benefits

Plaintiff makes claim for PIP benefits in paragraphs 11A, 11B, 11C, 11D, and 11E of his amended complaint. However, it is uncontroverted that the plaintiff has identified no medical experts and no evidence that the alleged accidents caused "bodily injury" to an eligible injured person from the use of a covered motor vehicle. *See Bearman v. Prudential Ins. Co.,* 186 F.2d 662, 665 (10th Cir.1951) (alleged causal connection between accident and coronary occlusion presented question not within the competency of laymen); *Hiatt v. Groce,* 215 Kan. 14, 21, 523 P.2d 320, 325 (1974) ("Non-expert witnesses can testify as to external appearances and manifest conditions observable by anyone."); *Bernsden v. Johnson,* 174 Kan. 230, 237, 255 P.2d 1033, 1038 (1953) ("It is not a judicial determination that the members of the medical profession have a monopoly on common sense. Matters within the common knowledge of mankind may be testified to by any one familiar with the facts."). Absent evidence of causation, defendant's motion for partial summary judgment on plaintiff's claims for PIP benefits must be granted.

IT IS THEREFORE ORDERED that the motion of defendant United States Fire Insurance Co. for partial summary judgment (Doc. # 35) on issues alleged in paragraphs 5, 11A, 11B, 11C, 11D, and 11E of plaintiff's Amended Complaint is granted.